UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

- against -

STEVEN LEFF,

               Defendant.
----------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   DEC 03 2012   ★

LONG ISLAND OFFICE

**ORDER**
08-CR-294 (SJF)

FEUERSTEIN, J.

Before the Court is the application of the Government for an order requiring defendant Steven Leff ("defendant") to pay nine million six hundred twenty-eight thousand five hundred forty dollars and fifty-six cents ($9,628,540.56) in restitution. [Docket Entry No. 42]. Defendant opposes the application in part, arguing that restitution should be ordered in an amount not more than four million five hundred fifty-nine thousand two hundred twenty-seven dollars and seventy-six cents ($4,559,227.76). [Docket Entry No. 45].

I.    Discussion

First, defendant contends that the Government's calculation of the amount owed to the Federal Deposit Insurance Corporation ("FDIC"), receiver for IndyMac Bank, and to Lloyd's of London, the insurance carrier for IndyMac Bank, is not supported by evidence. The Government's Presentence Investigation Report ("PSR") listed a loss amount of two million three hundred forty-nine thousand one hundred fifty dollars ($2,349,150.00) for IndyMac Bank. The Government obtained this figure from a 2008 federal civil complaint filed by IndyMac Bank and was unable to confirm the loss with IndyMac Bank directly. PSR at 4 n.2. The Government

1

later confirmed that pursuant to the 2008 lawsuit IndyMac Bank received (1) one hundred fifty-six thousand dollars ($156,000) levied from defendant's bank account, (2) one hundred sixty-one thousand dollars ($161,000) from "defendant's company's landlord," and (3) twenty-five thousand dollars ($25,000) from defendant's brother. The Government reduced IndyMac Bank's loss amount by three hundred seventeen thousand dollars ($317,000).[1] FDIC received compensation from IndyMac Bank's insurer, Lloyd's of London, and paid an out-of-pocket deductible of five hundred thousand dollars ($500,000). [Docket Entry No. 42] at 2. The Government now requests restitution for Lloyd's of London in the amount of one million five hundred thirty-two thousand one hundred fifty dollars ($1,532,150.00) and for FDIC in the amount of five hundred thousand dollars ($500,000).

Defendant argues that: (1) the damages claim in the 2008 complaint did not reflect the fact that certain loans forming the basis for IndyMac Bank's losses were subsequently paid off during the winding down of defendant's business; (2) the Government has not obtained confirmation from IndyMac Bank, FDIC, or Lloyd's of London that the loss amount is accurate; (3) the Government has not provided any other supporting evidence; and (4) the Government's confirmation of IndyMac Bank's recovery from the 2008 lawsuit does not address defendant's objection that the figure in the complaint itself was inaccurate. Given the absence of confirmation of the loss amounts, the Government has failed to prove the actual losses of FDIC and Lloyd's of London by a preponderance of the evidence. See 18 U.S.C. § 3664(e).

Second, defendant argues that E*Trade's claimed loss of three million seven thousand

---

[1] It is unclear why the Government has not reduced its request further by twenty-five thousand dollars ($25,000) in recognition of the payment received from defendant's brother.

2

nine hundred fourteen dollars and sixty-five cents ($3,007,914.65) is "unreliable" because E*Trade failed to identify the individual borrowers who suffered losses or to provide documentation to support the loss amount. As confirmation of its loss, E*Trade submitted a proof of claim filed in connection with defendant's former wife's bankruptcy to the Government. The Government contends that detailed information about the loans forming the basis of the loss was included in a spreadsheet provided by defendant listing all outstanding loans as of the close of defendant's business. Defendant acknowledges that he provided the spreadsheet to the Government but argues that "[u]pon information and belief, many of those loans were paid off after the close of the Defendant's business." E*Trade's confirmation of the loss amount and the fact that the spreadsheet submitted by defendant corroborated E*Trade's calculation is sufficient to overcome defendant's unsupported assertion that many of the loans were paid off. Therefore, the Government has proven E*Trade's loss by a preponderance of the evidence.

II. Conclusion

For the foregoing reasons, the Government's application is granted in part and denied in part. The Government's proposed restitution order [Docket Entry No. 42-1] will be modified in accordance with this opinion.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: December 3, 2012
Central Islip, New York